# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF ALABAMA

In re:  Case No. 06-11318-DHW
 Chapter 13
CRYSTAL KAY ALDRICH,

   Debtor.

## ORDER CONFIRMING TERMINATION OF STAY

## ORDER CONTINUING HEARINGS ON TRUSTEE'S MOTION TO DISMISS AND ON AMC MORTGAGE SERVICES, INC.'S OBJECTION TO PLAN CONFIRMATION

On February 16, 2007, a telephonic hearing was held to consider three separate matters arising in this chapter 13 case. The first of these matters is the chapter 13 trustee's motion to dismiss the case (Doc. #19) wherein he contends that the debtor did not comply with the credit counseling requirements of 11 U.S.C. § 109(h). The second matter is Ameriquest Mortgage Company's motion seeking confirmation that the automatic stay of 11 U.S.C. § 362 had terminated by operation of law (Doc. #20). The third and final matter was Ameriquest Mortgage Company's objection to the confirmation of the debtor's plan (Doc. #23).

Participating in the telephonic hearing were Curtis C. Reding, chapter 13 trustee, and Diane C. Murray, attorney for Ameriquest Mortgage Company.[1]

Discussion

This is not the first chapter 13 case that Crystal Kay Aldrich has filed in this court. A prior chapter 13 case (# 06-10261) was filed on April 3, 2006, but was

---

[1] All three of these matters were originally scheduled to be heard at a February 7, 2007, hearing in Dothan, Alabama. On February 6, 2007, the day prior to the hearing, the debtor filed a motion to continue the February 7, hearings citing work schedule conflicts. To accommodate the debtor, who is pro se, the court granted her motion to continue, and ordered the February 16, 2007, telephonic hearing.

On the date of the hearing, the clerk advised the court that Ms. Aldrich had been reached by telephone, but that Ms. Aldrich declined to participate in the hearing.

dismissed on May 18, 2006. The current case was filed on November 20, 2006, within one year of the dismissal of the prior case.

In cases involving repeat filers (those persons who file a second bankruptcy petition within one year of the dismissal of a prior case), the automatic stay terminates 30-days after the filing of the later case unless upon the debtor's motion, the court orders the stay extended following a hearing held within the 30-day period. The exact text of the statute provides:

> (3) if a single or joint case is filed by or against [sic] debtor who is an individual in a case under chapter 7, 11, or 13, and if a single or joint case of the debtor was pending within the preceding 1-year period but was dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under 707(b)--
> (A) the stay under subsection (a) with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease shall terminate with respect to the debtor on the 30th day after the filing of the later case;
> (B) on the motion of a party in interest for continuation of the automatic stay and upon notice and a hearing, the court may extend the stay in particular cases as to any or all creditors (subject to such conditions or limitations as the court may then impose) after notice and a hearing completed before the expiration of the 30-day period only if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed;

11 U.S.C. § 362(c)(3).

Because Ms. Aldrich's prior case was dismissed within one-year of the filing of the present case, the automatic stay in this case, which was not extended in accordance with the statute, terminated by operation of law 30-days after the filing.

Conclusion

For these reasons it is

ORDERED that the automatic stay in this chapter 13 case is TERMINATED. It is further

ORDERED that the hearing on the trustee's motion to dismiss and the hearing on Ameriquest Mortgage Company's objection to confirmation are CONTINUED to March 7, 2007 at 10:00 a.m. at the United States Courthouse, Dothan, Alabama.

Done this the 16th day of February, 2007.

/s/ Dwight H. Williams, Jr.
United States Bankruptcy Judge

c: Crystal Kay Aldrich, Debtor
Curtis C. Reding, Chapter 13 Trustee
Diane C. Murray, Attorney for Ameriquest Mortgage Company
All Creditors